WALGREEN, CO., d/b/a Walgreens, an Illinois Corporation, Appellant,

v.

Cynthia REZA, Appellee.

No. 08–05–00313–CV.

Court of Appeals of Texas, El Paso.

Nov. 3, 2005.

Karen L. Landinger, Ray, Valdez, McChristian & Jeans, P.C., El Paso, for Appellant.

James K. Read, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

BARAJAS, Chief Justice.

Pending before the Court is a joint motion to dismiss this appeal pursuant to TEX. R. APP. P. 42.1(a)(2). Texas Rule of Appellate Procedure 42.1(a)(2) states:

(a) *On Motion or By Agreement.* The appellate court may dispose of an appeal as follows:

. . .

(2) *By Agreement.* In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may:

(A) render judgment effectuating the parties' agreements;

(B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for

rendition of judgment in accordance with the agreements; or

(C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

Tex. R. App. P. 42.1(a)(2).

The motion does not specify what subsection of Rule 42.1(a)(2) they wish this Court to follow. Thus, based on the substance of the motion, we dismiss the appeal pursuant to Rule 42.1(a)(2)(A). The parties have complied with the requirements of Rule 42.1(a)(2)(A). Attached to the motion is a copy of the Settlement Agreement and Release in Full of All Claims signed by the Appellee, as well as an Order of Dismissal signed by the trial court dismissing this case with prejudice. The Court has considered this cause on the joint motion and concludes the motion should be granted and the appeal should be dismissed. We therefore dismiss the appeal.